# EXHIBIT A

## IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| JOHN HYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| OZARK CHEVROLET, LLC d/b/a ) | |
| OZARK CHEVROLET, ) | JURY TRIAL DEMANDED |
| *Serve Registered Agent*: ) | |
|    Loren Holub ) | |
|    1020 N. 18th St. ) | |
|    Ozark, Missouri 65714 ) | |
| ) | |
| Defendant. ) | |

### PETITION FOR DAMAGES

**COMES NOW** Plaintiff, John Hyatt, by and through his attorneys of record, Hall Ansley, P.C., and for his cause of action against Ozark Chevrolet, LLC d/b/a Ozark Chevrolet, states, alleges and avers to the Court as follows:

### PLAINTIFF

1. Plaintiff John Hyatt (hereinafter "Plaintiff") is a person of lawful age residing in Sparta, Missouri.

### DEFENDANT

2. That at all times herein mentioned, defendant Ozark Chevrolet, LLC d/b/a Ozark Chevrolet ("Ozark Chevy"), was and now is a Missouri limited liability company, duly organized and existing under the laws of the State of Missouri. Defendant Ozark Chevy can be served through its registered agent at the address provided in the caption.

3. At all times relevant herein, Ozark Chevy was engaged in operating car dealership in Ozark, Christian County, Missouri, and upon information and belief, was, at all times mentioned herein, acting by and through its duly authorized agents and servants and employees.

1

Electronically Filed - Christian - September 19, 2019 - 03:43 PM

## VENUE AND JURISDICTION

4. Venue and jurisdiction are proper in this Court in that plaintiff's complaint alleges violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, et. seq., and all acts and occurrences complained of herein incurred within Christian County, Missouri. 29 U.S.C. § 2617(a)(2).

## FACTUAL ALLEGATIONS

5. Plaintiff began working for Ozark Chevy on or about May 1, 2018.

6. Plaintiff worked for Ozark Chevy as a full-time sales associate at the company's dealership in Ozark. Plaintiff's job required Plaintiff to walk around the lot with customers and show vehicles in hopes that customers would purchase the same.

7. Plaintiff was a full-time employee of Ozark Chevy from the date of his hiring until his termination on or about August 10, 2019.

8. Plaintiff had worked more than 1250 hours in the twelve (12) months preceding his need for medical leave and termination.

9. Ozark Chevy employs more than fifty (50) employees within a seventy-five (75) mile radius of its Ozark, Missouri dealership.

10. On or about August 3, 2019, Plaintiff left work early due to severe pain in his left knee.

11. On or about August 4, 2019, Plaintiff texted managers (Taylor Grubaugh, Jeremy Anderson and Bryan Shelton) to inform them that he would not be in on August 5, 2019 due to the condition of his knee.

12. Plaintiff felt a pop in his knee on or about August 6, 2019. Plaintiff's knee was no longer weight bearing after the pop. Plaintiff informed Ozark Chevy of the incident.

13. Plaintiff saw a medical provider related to his knee on or about August 7, 2019. An x-ray of Plaintiff's knee was performed and Plaintiff's primary care provider (Steve Barnes, FNP) believed there was a structural defect (a torn meniscus) and that an MRI needed to be performed. Plaintiff's medical insurance would not pay for the MRI unless six (6) to eight (8) weeks of physical therapy had first been attempted.

14. Plaintiff ambulation was limited and required crutches at the time he first saw his physician.

15. Plaintiff's physician provided a doctor's note indicating that Plaintiff could not return to work until August 12, 2019. Plaintiff informed Ozark Chevy that FNP Barnes' believed Plaintiff had suffered a torn meniscus.

16. Plaintiff was prescribed a course of physical therapy by FNP Barnes.

17. On or about August 10, 2019, Plaintiff received a text messages from his manager at Ozark Chevy asking when he planned to return to work. Plaintiff responded that he still could not get around without crutches and that he could not put weight on his knee.

18. On or about August 12, 2019, Plaintiff informed his manager at Ozark Chevy that his physical therapy was scheduled to start on August 19, 2019. Ozark Chevy's manager then asked for a doctor's note regarding Plaintiff's condition and restrictions. Plaintiff informed Ozark Chevy that he was trying to get a note from his medical provider.

19. On or about August 13, 2019, Plaintiff informed Ozark Chevy that he was able to reach his provider's office and that a note would be sent the following day.

20. On or about August 14, 2019, Plaintiff's manager contacted Plaintiff to inform him that the note had not been received by the company. Later that same day Plaintiff's medical provider faxed a note to Ozark Chevy informing in the company of his condition and restrictions.

21. Plaintiff's physical therapy started on or about August 19, 2019. Plaintiff attended physical therapy two (2) times per week after the therapy began.

22. On or about August 19, 2019, Plaintiff received a call from his manager asking him if the company could box up the items and allow someone else to utilize his desk. Plaintiff informed his manager that using the desk was fine. Plaintiff also attempted to provide his manager an update on his condition, but the manager did not seem interested in receiving the update.

23. On or about August 26, 2019, Plaintiff received a two (2) day priority letter informing him that his employment had ended as of August 10, 2019. The letter states that Plaintiff had exhausted all his paid time off (five vacation days and five sick days). The letter also indicates that Ozark Chevy realized Plaintiff was having knee problems.

24. Ozark Chevy did not provide Plaintiff with an eligibility notice or designation notice related to his eligibility for FMLA leave or whether his condition could be designated for FMLA leave.

**FMLA INTERFERENCE**

25. Ozark Chevy was a covered employer under the FMLA as the company was engaged in an industry affecting commerce, and it employed more than fifty employees for each working day during each of the twenty or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4).

26. Plaintiff was an eligible employee for leave under the FMLA in that Plaintiff suffered a serious health condition and had been employed by Ozark Chevy for at least twelve months and had performed at least 1,250 hours of service during the previous twelve-month period. *Id.* at § 2611(2).

27. Pursuant to 29 U.S.C. § 2612 an eligible employee is entitled to twelve (12) workweeks of leave during any twelve-month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

28. Pursuant to 29 U.S.C. §2615 it is "unlawful for any employer to interfere with, retain, or deny the exercise of or the attempt to exercise any right provided by this subchapter."

29. Defendant never provided Plaintiff with notice of his eligibility for FMLA or a notice of rights or responsibilities after learning of Plaintiff's serious health condition. Defendant's actions in failing to provide required notices interfered with Plaintiff's ability to receive FMLA leave and enforce his FMLA rights. 29 CFR §825.300.

30. Plaintiff was denied an opportunity to take leave consistent with the FMLA in that his leave was not properly designated as FMLA protected. Defendant interfered with Plaintiff's FMLA rights in using dates that should have been FMLA protected as a basis for Plaintiff's termination.

31. Defendant's conduct rises to a willful violation of the FMLA.

32. Defendant interfered, restrained, and denied Plaintiff his rights pursuant to the FMLA. More specifically, defendant interfered with Plaintiff's right to utilize FMLA qualified leave and terminated him as a result of his need for said leave.

33. As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has suffered and/or is entitled to the following:

    (a) Lost wages, salary and benefits or other compensation;

    (b) Interest at the prevailing rate on any wages, salary, employment benefits and/or other compensation denied or lost by Plaintiff as a reason due to Defendant's violation of the FMLA; and

(c) Liquidated damages equal to the sum of:

(i) The amount of lost wages, salary, employment benefits or other compensation; and

(ii) Interest awarded on said monetary damages.

34. Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; injunctive relief; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: /s/ *Timothy A. Ricker*
BENJAMIN A. STRINGER
Missouri Bar Number 50415
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>LAURA J JOHNSON | Case Number: 19CT-CC00204 |
| Plaintiff/Petitioner:<br>JOHN HYATT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A. STRINGER<br>3275 EAST RIDGEVIEW<br>PO BOX 4609<br>SPRINGFIELD, MO 65808 |
| Defendant/Respondent:<br>OZARK CHEVROLET, LLC D/B/A OZARK CHEVROLET | Court Address:<br>110 WEST ELM STREET, SUITE 202<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** OZARK CHEVROLET, LLC D/B/A OZARK CHEVROLET
**Alias:**

RA: LOREN HOLUB
1020 N. 18TH ST.
OZARK, MO 65721

*COURT SEAL OF CHRISTIAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____9-23-19_____   _____/s/ bh_____
              Date                                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                          Date                                                   Notary Public

**Sheriff's Fees, if applicable**
Summons               $_____
Non Est                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00_____
Mileage                    $_____ (_____ miles @ $._____ per mile)
**Total**                    $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 19-SMCC-387**   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:19-cv-03380-BP   Document 1-2   Filed 10/28/19   Page 8 of 9



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

**RETURN COPY**

| Judge or Division: LAURA J JOHNSON | Case Number: 19CT-CC00204 |
|---|---|
| Plaintiff/Petitioner: JOHN HYATT | Plaintiff's/Petitioner's Attorney/Address: BENJAMIN A. STRINGER, 3275 EAST RIDGEVIEW, PO BOX 4609, SPRINGFIELD, MO 65808 |
| vs. | |
| Defendant/Respondent: OZARK CHEVROLET, LLC D/B/A OZARK CHEVROLET | Court Address: 110 WEST ELM STREET, SUITE 202, OZARK, MO 65721 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

RECEIVED SEP 26 2019 By ChristianCo
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: OZARK CHEVROLET, LLC D/B/A OZARK CHEVROLET
Alias:

RA: LOREN HOLUB
1020 N. 18TH ST.
OZARK, MO 65721

COURT SEAL OF CHRISTIAN COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

9-23-19 Date  /s/ bh Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Annette Skipper (name) Controller (title).
☐ other: _____.

Served at 1020 N. 18th St. Ozark (address)
in Christian (County/City of St. Louis), MO, on 9-27-19 (date) at 1455 (time).

B. Nook  
Printed Name of Sheriff or Server   B. Nook #241 Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ Date _____ Notary Public

**Sheriff's Fees, if applicable**
Summons $ PAID ck 82627
Non Est $ $35.00
Sheriff's Deputy Salary Supplemental Surcharge $ 10.00
Mileage $ _____ ( ___ miles @ $ ___ per mile)
Total $

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-387   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo